IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **THOMAS RAIFORD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00391 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **H. CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Thomas Raiford, Pro Se Plaintiff.*

This case is before me on plaintiff Thomas Raiford's "MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION" (ECF No. 4), regarding the use of dogs by K-9 officers at Keen Mountain Correctional Center ("Keen Mountain"); and his "Motion to Compel" (ECF No. 14), seeking interlocutory relief regarding video footage and confiscated legal materials. After review of Raiford's allegations, I will deny these motions.

Raiford filed this civil action under 42 U.S.C. § 1983 against numerous officials of the Virginia Department of Corrections and Keen Mountain, seeking damages for injuries he received when a dog bit him on December 27, 2014, allegedly for no reason. Raiford's submissions indicate that as he was leaving the chow hall, Officer Sanders called him over to Gate 11 to talk. A moment after

Raiford reached the gate, however, K-9 Officer Ball's dog bit Raiford's left hand, causing a painful injury.[1]

Based on this incident and other inmates' experiences, Raiford has moved for interlocutory injunctive relief suspending the use of dogs for security at Keen Mountain until the conclusion of this lawsuit. Raiford attaches documents about an incident in which an inmate named Wordrick was bitten after he walked around a metal detector on the side where the K-9 officer and his dog were. Raiford also names two other Keen Mountain inmates who have allegedly been victims of canine attacks.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied.[2] *Id.*

---

[1] According to Raiford's attached grievances about this incident, the officers reported that before the dog bit Raiford, they ordered Raiford to step back from the dog and he failed to do so. Raiford denied hearing any such orders and claimed he was standing still when the dog bit him.

[2] Plaintiff requests a temporary restraining order and a preliminary injunction. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from

I cannot find from Raiford's sparse factual details that the continued use of K-9 officers and their dogs at Keen Mountain during the natural course of this lawsuit is likely to cause him irreparable harm. Neither Raiford's Complaint nor his motion describe the circumstances under which the dog bit him or the nature of his injuries. Moreover, the few details provided about inmate Wordrick's situation suggest that he could easily have avoided the problem by avoiding the dog, and there is no evidence that any of the bitten inmates suffered serious injuries. For the stated reasons, I will deny Raiford's motion for an interlocutory injunction suspending the use of dogs at Keen Mountain.

In his Motion to Compel, Raiford complains that his copies of the Complaint and other pleadings and materials related to this case were confiscated by officials from another inmate who had been assisting Raiford with this case. Raiford asks the court to order the return of his materials and the preservation of all video footage of the December 27, 2014, incident at issue in the lawsuit.

I do not find any likelihood that Raiford will suffer irreparable harm from either the confiscation of his legal materials or the lack of video footage. Therefore, I will deny his motion for interlocutory injunctive relief. I will, however, request the Office of the Attorney General to ensure that the requested video footage is preserved.

---

the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

Finally, I will require Raiford to prepare an Amended Complaint, making a clear statement of the facts on which each of his claims is based. The current Complaint focuses on what grievances Raiford filed. It does not provide a clear, chronological statement of the events and facts relevant to his claims or indicate what conduct each defendant undertook in violation of his constitutional rights, as required to state any claim actionable against them under § 1983. Raiford cannot rely on the defendants or the court to comb through his many attached grievances and appeals and guess the factual details on which he intends to rely. He is further advised that the Amended Complaint must stand on its own, without reference to his prior Complaint, and should state detailed information including, but not limited to: what he did, what each of the defendants did or did not do that violated his constitutional rights, what injuries he suffered, and what medical treatment he sought or received. The plaintiff is advised that failure to comply with state law or to provide satisfactory responses to grievances generally do not state constitutional violations actionable under § 1983.

A separate order will be entered in accordance with this opinion.

DATED: September 4, 2015

/s/ James P. Jones
United States District Judge

-4-

Case 7:15-cv-00391-JPJ-RSB   Document 17   Filed 09/04/15   Page 4 of 4   Pageid#: 183